FILED

NOT FOR PUBLICATION

APR 17 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50249 |
| Plaintiff - Appellee, | D.C. No. 3:96-cr-02085-LAB-1 |
| v. | |
| JESSE BENUTO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 13, 2012[**]
Pasadena, California

Before: SILVERMAN and RAWLINSON, Circuit Judges, and TUNHEIM,
District Judge.[***]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Jesse Benuto appeals his jury conviction and sentencing for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a).

## I.

Benuto contends that the prosecutor's structural comments during closing argument warrant reversal. When reviewing for prosecutorial misconduct, an appellate court considers in the context of the entire trial "whether it is more probable than not that the prosecutor's conduct materially affected the fairness of the trial." *United States v. McKoy*, 771 F.2d 1207, 1212 (9th Cir. 1985).

Although generally testimony and argument regarding the structure and operation of a drug trafficking organization is inadmissible where the defendant is not charged with a conspiracy to import drugs, *United States v. Vallejo*, 237 F.3d 1008, 1012 (9th Cir.), *amended* 246 F.3d 1150 (9th Cir. 2001), it may be admissible if the defendant introduces evidence that the prosecution did not attempt to find the defendant's fingerprints on the drugs, *United States v. Pineda Torres*, 287 F.3d 860, 865 (9th Cir. 2002). Because Benuto's counsel introduced evidence about the absence of fingerprint analysis, *Vallejo*'s prohibition on structure testimony and argument is inapplicable.

Benuto contends that the remarks about the chain of distribution were also improper because they "did not constitute evidence and prosecutors may not supply facts not in evidence as they may be given undue weight." *United States v. Wilkes*, 662 F.3d 524, 538 (9th Cir. 2011). We conclude that the prosecutor's arguments were based on common knowledge or were reasonable inferences from facts and testimony in evidence. *See United States v. Bracy*, 67 F.3d 1421, 1431 (9th Cir. 1995). Moreover, the prosecutor did not suggest that the testimony of government witnesses was supported by outside information. *See United States v. Wright*, 625 F.3d 583, 610 (9th Cir. 2010) (describing improper vouching).

## II.

Benuto argues that the prosecutor's comments regarding his silence or inability to answer questions was improper and that the district court erred in admitting the comments because they were more prejudicial than probative. We disagree. *See Berghuis v. Thompkins*, 130 S.Ct. 2250, 2259-60 (2010) (holding that police may continue questioning a suspect until he unambiguously invokes his right to remain silent).

We review the district court's evidentiary ruling that the probative value of the evidence exceeds its potential for unfair prejudice for abuse of discretion. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). We conclude that the

3

district court did not abuse its discretion in allowing the prosecutor to comment on Benuto's failure to answer some of the custom agent's questions. *See United States v. Caruto*, 532 F.3d 822, 829 (9th Cir. 2008) (citing *United States v. Lorenzo*, 570 F.2d 294 (9th Cir. 1978)).

**III.**

Benuto contends that the district court procedurally erred by misapplying U.S.S.G. § 2L1.2 and by failing to consider the 18 U.S.C. § 3553(a) sentencing factors. First, because Benuto is a United States citizen, U.S.S.G. § 2L1.2 is inapplicable; the section applies if the "defendant was deported or unlawfully remained in the United States" after a conviction. Second, the record reflects that the district court properly considered the sentencing factors and explained its rationale for selecting the sentence. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

Benuto also contends that the twelve-month sentence is substantively unreasonable. In light of the totality of the circumstances and the § 3553(a) sentencing factors, we hold that a sentence more than twenty-five months below the bottom of the Guideline range was not substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**